IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ADAM BLASKOWSKI, | CV 15-00049-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| ELECTROLUX HOME PRODUCTS, et al., | |
| Defendants. | |

Adam Blaskovski, a citizen of Minnesota, has filed a Motion to

Proceed in Forma Pauperis (*ECF 1*) and submitted a nearly

incomprehensible Complaint (*ECF 2*) naming Defendants from

Oklahoma, Iowa and Minnesota. There are no allegations that any

event forming the alleged basis of this action occurred in Montana. It is

recommended that this matter be dismissed without prejudice based

upon improper venue.

Federal law provides that a civil action may be brought in: (1) a

judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located; (2) a judicial

district in which a substantial part of the events or omissions giving rise

1

to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court may, sua sponte, raise the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

The Complaint consists of a bare list of the following claims: Sections 501, 504, 502 of the Rehabilitation Act, Second Amendment, Section 504 of the ADA, Ninth Amendment, False Claims Act, use of deadly force, and police brutality. *ECF 2–Complaint at 6*. The Complaint if devoid of any facts alleged in support of these claims. Blaskowski has stated no basis for venue in Montana.

According to the National PACER Case Locator, Blaskowski filed

a similar Complaint in the Western District of Michigan on April 21,

2015. That matter was recommended for dismissal for failure to state a

claim on April 28, 2015. The Court made the following finding:

> Plaintiff's complaint appears to contain only a list of names
> and a list of statutes and dates. He also attaches a variety of
> documents. Plaintiff's submission is virtually devoid of
> factual allegations. In any event, evaluated pursuant to the
> aforementioned standard, the Court concludes that any
> "facts" alleged in Plaintiff's complaint, even if accepted as
> true, fail to rise to the standards of *Ashcroft v. Iqbal*, 556
> U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S.
> 544 (2007) to state a claim upon which relief may be granted
> in this court. Accordingly, the undersigned recommends that
> Plaintiff's claims be dismissed with prejudice.

*Blaskowski v. Minnesota, State of, et al.,* Civil Action No. 1:15-CV-422-

JTN-ESC, Western District of Michigan, Southern Division, *ECF 7*,

Order dated April 28, 2015. Although the Complaint in the Michigan

action was not available on PACER, the description of the Complaint

appears similar to this Montana case. As in the Michigan case, this

Court finds that Blaskowski has failed to meet the pleading

requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic

Corp. v. Twombly*, 550 U.S. 544 (2007)

Blaskowski filed two other similar actions in the Central District of California on May 18, 2015. *See* Civil Action No. 2:15cv03734-DSF-JPR and 2:15cv03735-AB-JC. His application to proceed in forma pauperis was denied in 2:15cv03734-DSF-JPR and the case dismissed on May 20, 2015. Civil Action No. 2:15cv03735-AB-JC was transferred to the District of Minnesota on June 15, 2015.

Given the bare allegations here, combined with Blaskowski's litigation history, the Court finds that it would not be in the interest of justice to transfer this matter and that it should be dismissed without prejudice. *See Costlow*, 790 F.2d at 1488 (permitting a district court to dismiss an action sua sponte for improper venue). The Complaint is so devoid of facts and intelligible allegations that it would be impossible to determine where the matter should be transferred. The Court will not encourage Blaskowski's multiple filings in multiple improper districts by burdening another district with his insufficient claims. This matter should be dismissed. Accordingly, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be dismissed without prejudice for improper venue.

2.  The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Blaskowski may file objections to these Findings and

Recommendations within fourteen (14) days after service (mailing)

hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may

bar a de novo determination by the district judge and/or waive the right

to appeal.

This order is not immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a),

should not be filed until entry of the District Court's final judgment.

DATED this 16th day of June, 2015.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge

---

[1]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.